**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SIGFRIDO HERNANDEZ,**

                    **Plaintiff,**                    1:13-cv-959
                                                          (GLS/ESH)

           v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter M. Margolius         PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     DAVID B. MYERS
United States Attorney                 Special Assistant U.S. Attorney
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Sigfrido Hernandez challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. § 405(g).[1] (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed October 14, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be reversed and remanded. (Dkt. No. 14.) Pending are the Commissioner's objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On July 30, 2010, Hernandez filed applications for DIB and SSI under the Social Security Act. (Tr.[3] at 50-51, 100-10.) After his applications were denied, Hernandez requested a hearing before an Administrative Law Judge (ALJ), which was held on November 1, 2011 (*Id.* at 32-49, 54-66.) On November 23, 2011, the ALJ issued a decision denying the requested

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 11, 12, 14.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 9.)

benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 18-31.)

Hernandez commenced the present action by filing a complaint on August 12, 2013, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be reversed and remanded. (*See generally* Dkt. No. 14.)

### III. <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an

3

objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

The Commissioner raises one specific objection to the R&R, which the court will review *de novo*. The remainder of the R&R will be reviewed for clear error.

## A. Medical Source Statement

The Commissioner objects to Judge Hines' conclusion that the ALJ's residual functional capacity (RFC)[4] determination was not supported by substantial evidence because the ALJ made such determination in the absence of any acceptable medical source opinion concerning Hernandez's functional limitations. (Dkt. No. 16 at 1-6.) In Judge Hines' view, the ALJ required the assessment of a treating or consulting physician to interpret the raw medical data before him. (Dkt. No. 14 at 13-15.)

---

[4] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

4

According to the Commissioner, however, the lack of a medical source statement does not make the administrative record incomplete, and, further, the ALJ's findings must be affirmed unless a reasonable fact-finder would have to conclude otherwise. (Dkt. No. 16 at 1-6.)

"'It is a well-settled rule in the Second Circuit that the Commissioner must affirmatively develop the administrative record due to the essentially non-adversarial nature of a benefits proceeding.'" *Felder v. Astrue*, No. 10-CV-5747, 2012 WL 3993594, at *11 (E.D.N.Y. Sept. 11, 2012) (quoting *Garcia v. Apfel*, No. 98 CIV. 1370, 1999 WL 1059968, at *5 (S.D.N.Y. Nov. 19, 1999)); *see Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999). However, the ALJ's duty to develop the record is not without limit. *See Guile v. Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010). Indeed, if all of the evidence received is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may make his determination based upon that evidence. *See* 20 C.F.R. § 404.1520b(a). Consistent with that notion, where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

5

The Commissioner argues that the lack of a medical source statement does not constitute a gap in the administrative record triggering her duty to develop the record. (Dkt. No. 16 at 3-4.) However, in all of the cases upon which she relies, where the Second Circuit held that the administrative record was sufficiently developed, the administrative records contained an assessment of the claimant's limitations by either a treating or consulting medical source. *See generally Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013); *Pellam v. Astrue*, 508 F. App'x 87, 90 n.2 (2d Cir. 2013); *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011). In *Tankisi*, although the administrative record did not contain "formal opinions" from treating physicians, a treating source had otherwise assessed Tankisi's limitations, and the ALJ had before him the functional assessments of multiple consultative examiners. 521 F. App'x at 34. In *Pellam*, the Second Circuit explicitly left open the question of "whether a record would be rendered incomplete by the failure to request a medical source opinion from a treating physician if the ALJ made his [RFC] determination without the support of any expert medical source opinion concerning the claimant's limitations." 508 F. App'x at 90 n.2. Thus, these cases are inapplicable

here, where the record lacks any medical source opinion regarding Hernandez's functional limitations.

The Commissioner also points to the Second Circuit's decision in *Yancey*, which held that an ALJ did not neglect his duty to fully develop the administrative record by failing to order a consultative psychiatric examination. 145 F.3d 106, 114 (2d Cir. 1998). However, in that case, the claimant "provided no evidence of a psychiatric or psychological impairment" and "the physicians of record neither suggested the existence of a mental impairment nor recommended that the claimant undergo a psychological or psychiatric evaluation." *Id.* Here, on the other hand, Hernandez's treatment records evinced cardiovascular, lumbar, and obesity impairments. (Tr. at 23.) As noted by Judge Hines, Hernandez's lumbar spine impairment is confirmed by MRI results as well as clinical signs. (Dkt. No. 14 at 14.) Keeping in mind that "'an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions,'" but "'cannot arbitrarily substitute his own judgment for competent medical opinion,'" *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quoting *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir.1983)), remand is required here

so that the ALJ can obtain the opinion of any treating physician or other medical source. *See, e.g.*, *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (holding that remand was appropriate where the ALJ determined a claimant's RFC "primarily . . . through her own interpretation of various MRIs and x-ray reports contained in the treatment records"); *cf. Lewis v. Colvin*, No. 13-CV-1072S, 2014 WL 6609637, at *6 (W.D.N.Y. Nov. 20, 2014) (holding that remand was not required due to the absence of a medical source opinion where the ALJ's RFC determination accounted for the limitations alleged by the claimant and the claimant suffered relatively minor physical impairments). Without the advice of such a medical source, the ALJ, as a layperson, cannot bridge the gap between Hernandez's impairments and the functional limitations that flow from those impairments. *See Dailey v. Astrue*, No. 09-CV-0099, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010).

B.   **Remaining Findings and Conclusions**

Having addressed the Commissioner's specific objections *de novo,* and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V.   Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' October 14, 2014 Report and Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 22, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court